# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 8, 2022

Lyle W. Cayce
Clerk

No. 22-10196
Summary Calendar

_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Jorge Luis Barrera-Telles,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Northern District of Texas
No. 3:21-CR-104-1

_____

Before Smith, Dennis, and Southwick, *Circuit Judges*.

Per Curiam:*

Jorge Barrera-Telles was sentenced, under 8 U.S.C. § 1326(b)(1), to eighteen months' imprisonment and three years' supervised release ("SR") for illegally reentering in violation of § 1326(a). Barrera-Telles contends that the district court erred in imposing a term of SR exceeding one year.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 22-10196

Because Barrera-Telles did not object in the district court to the application of § 1326(b)(1), we review for plain error only. *See United States v. Rodriguez-Flores*, 25 F.4th 385, 387 (5th Cir. 2022). For that, the appellant must show, *inter alia*, a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009).

Illegally reentering the United States after removal ordinarily carries a two-year maximum imprisonment under § 1326(a) and a one-year maximum SR. *See* 18 U.S.C. §§ 3559(a)(5), 3583(b)(3). But, if the defendant was previously removed after a felony conviction, the maximum prison sentence is ten years under § 1326(b)(1), and the maximum SR is three years. *See* §§ 3559(a)(3), 3583(b)(2).

Although Barrera-Telles now maintains that nothing in the record establishes that he was convicted of a felony before his prior removal, we have permitted, on plain-error review, supplementation of the record with documents supporting a sentencing enhancement. *See United States v. Vargas-Soto*, 700 F.3d 180, 183 (5th Cir. 2012). The government supplemented the record with documents establishing that, before his prior removal, Barrera-Telles was convicted of transporting a controlled substance in violation of California Health and Safety Code § 11352(a). Because a § 11352(a) conviction is punishable by more than one year of imprisonment, it qualifies as a felony for purposes of § 1326(b)(1). *See* § 3559(a)(5)–(6); *United States v. Villegas-Hernandez*, 468 F.3d 874, 884 (5th Cir. 2006) (holding that a felony is an offense that is punishable by more than one year of imprisonment), *overruled in part on other grounds by United States v. Reyes-Contreras*, 910 F.3d 169, 181–82 (5th Cir. 2018) (en banc). Thus, the district court did not plainly err in sentencing Barrera-Telles to three years of SR. *See Puckett*, 556 U.S. at 135.

AFFIRMED.

2